# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS-CASTRILLON,<br><br>                          Petitioner,<br>  vs.<br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                          Respondents. | CASE NO. 05cv1552-BEN (NLS)<br><br>**FINDINGS OF FACT** |

      Petitioner, LUIS FELIPE CASAS-CASTRILLON ("Petitioner"), a citizen and native of Colombia, has filed his eighth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently in the custody of the Department of Homeland Security awaiting removal to his country of origin pending decisions from the Court of Appeals on his various appeals.

      On August 8, 2001, Petitioner was served with a Notice to Appear and charged with deportability pursuant to Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii). That section provides for removal of an alien who after admission has been convicted of two crimes of moral turpitude. Petitioner was taken into DHS custody after completion of his state term of imprisonment on August 1, 2001.

      On January 16, 2002, an Immigration Judge ("IJ") ordered Petitioner removed to Columbia, and denied Petitioner's requests for asylum, withholding of removal, cancellation of

1  removal, and relief under the Convention Against Torture.  Petitioner appealed the IJ's decision to
2  the Board of Immigration Appeals ("BIA"), which upheld the IJ's removal order on July 19, 2002.
3        Petitioner then had thirty days from the BIA's decision (until August 19, 2002) to seek
4  direct review with the court of appeals.  *See* 8 U.S.C. § 1252(b)(1).  Instead, Petitioner sought
5  habeas relief in district court on October 11, 2002.  *Casas-Castrillon v. Gonzalez*, Case No.
6  02cv2020 (S.D. Cal.).  However, the district court transferred the case to the Ninth Circuit for
7  direct review.  The Ninth Circuit gave Petitioner an opportunity to explain why the petition for
8  review should not be dismissed for untimeliness.  On April 19, 2004, the Ninth Circuit ultimately
9  dismissed the petition for lack of jurisdiction.  *Casas-Castrillon v. Gonzalez*, Case No. 03-73037
10 (9th Cir. 2004), *cert. denied,* 544 U.S. 910 (2005).  The Ninth Circuit denied Petitioner's motion
11 for reconsideration, and on October 25, 2004, ordered that no further filings would be accepted.
12       With his direct review of the BIA order finally terminated in March 2005, Petitioner could
13 have been removed to Columbia at that time.  However, Petitioner has filed multiple challenges to
14 his removal in both the district court as well as the court of appeals.  Petitioner has challenged both
15 the merits of his removal order and the validity of his state court convictions upon which the
16 removal order was based.  In doing so, Petitioner has successfully managed to delay his
17 deportation through a series of district court and Ninth Circuit stays.
18       This Court notes that many of Petitioner's challenges are duplicitous of one another and
19 have resulted in the prolonging of his deportation.  On April 7, 2004,  Petitioner challenged his
20 removal order by collaterally attacking his underlying "1996" conviction.  *Casas-Castrillon v.*
21 *Ashcroft*, Case No. 04cv711 (S.D. Cal.).  On April 13, 2004, the Court dismissed the petition on
22 the ground that a petitioner "may not collaterally attack his state court conviction in a habeas
23 challenge proceeding against the INS."   Petitioner did not appeal.
24       Instead, on April 26, 2004, Petitioner filed another habeas petition challenging the "1996"
25 conviction under Title 28 U.S.C. § 2254.  *Castrillon v. Warden San Diego*, Case No. 04cv875
26 (S.D. Cal.).  The Court dismissed the petition on May 10, 2004, because Petitioner did not satisfy
27 the custody requirement of the statute in that he was in DHS custody and not state custody.
28 Petitioner did not appeal.

Instead, on May 21, 2004, Petitioner filed another habeas petition challenging his "1996" state court conviction, once again under Title 28 U.S.C. § 2254. *Casas Castrillon v. Warden*, Case No. 04cv1046 (S.D. Cal.). The Court denied the petition on June 3, 2004, on the same custody grounds referenced in the Court's earlier order. Petitioner appealed that decision to the Ninth Circuit.

That appeal (Case No. 04-56262) remains pending. Counsel for Petitioner was appointed in that case on October 19, 2005, and briefing was finalized on November 9, 2006.

On March 17, 2005, Petitioner filed another habeas petition, this time challenging the application of the "stop time" provision of 8 U.S.C. § 1229b(d)(1) with respect to his 1993 conviction and claiming ineffective assistance of counsel. *Casas v. Najera*, Case No. 05cv543 (S.D. Cal). The case was transferred to the Ninth Circuit pursuant to the REAL ID Act on June 8, 2005.

That appeal (Case No. 05-73553) is still pending. Petitioner filed a motion for a stay of deportation. A temporary stay of removal was issued immediately and a full stay granted on June 9, 2006. Counsel for Petitioner was appointed in that case on August 3, 2006, and briefing was completed on May 16, 2007.

On April 11, 2005, Petitioner filed yet another habeas petition challenging the validity of his 1993 state court conviction. *Casas v. Waqner*, Case No. 05cv755 (S.D. Cal.). In that petition, Petitioner alleged that he was denied due process on the grounds that the state court judge apparently failed to advise him of the immigration consequences of his plea. Petitioner also made an additional claim of ineffective assistance of counsel. Once again, Petitioner sought a stay of removal, which the court granted on April 13, 2005, pending resolution of the petition. On June 7, 2005, the Court denied the petition and dismissed the case on the ground that a petition under 28 U.S.C. § 2241 against the INS could not be used to attack the validity of a state court conviction. Once more, Petitioner appealed the decision to the Ninth Circuit.

That appeal (Case No. 05-56158) is still pending. Once more, Petitioner's filed a motion for a stay of deportation. A temporary stay of removal remains in effect. Petitioner's motion for appointment of counsel for that case was denied and the briefing was complete on April 28, 2006.

1   On June 7, 2005, the Court also ordered Petitioner's above case (Case No. 05cv755) reopened as a 28 U.S.C. § 2254 petition. *Casas v. Waqner*, No. 05cv1197 (S.D. Cal.)  A stay of removal was ordered on June 7, 2005, pending resolution of the petition.  Subsequently, on June 30, 2005, the Court denied the petition.  Petitioner appealed that decision to the Ninth Circuit, but that Court terminated the appeal at the outset.  No. 05-56171.

On August 4, 2005, Petitioner filed the instant habeas Petition pursuant to 28 U.S.C. § 2241.  To sum up, eight petitions for habeas relief have been filed before this Court by the Petitioner.  Additionally, six appeals have been filed by Petitioner in the Ninth Circuit.  Three of those appeals remain pending and the briefing has been completed in all three of the appeals, the latest having been completed in May 2007.

In appeal Case No. 07-56261, the Court of Appeals remanded to this Court for the limited purpose of making findings as to whether Petitioner is a flight risk or a danger to the community.  A hearing was held on September 25, 2007 and this Court finds as follows:

1. Petitioner is a native and national of Columbia.  Petitioner originally came into the United States illegally, several years prior to 1989.  Petitioner was then granted temporary resident status and subsequently granted permanent resident status in 1990 under Congress' amnesty program.  *See* Immigration Reform and Control Act of 1986 (Simpson-Mazzoli Act), 8 U.S.C. §§ 1101 *et seq*., Pub. L. No. 99-603, 100 Stat. 3359 (November 6, 1986).

2. Two years after receiving the privilege of permanent resident status, and while unemployed in the United States, on January 15, 1992, Petitioner committed a Second Degree Burglary of a vehicle.  He was convicted of a felony on January 26, 1993, and sentenced to 180 days in jail.  Following the completion of probation this conviction was vacated and set aside.

3. During another period of unemployment in the United States in 1999, Petitioner was observed by police committing another burglary of a vehicle.  Petitioner was charged with Second Degree Burglary and five counts of Receiving Stolen Property stemming from vehicle burglaries on October 29, 1999, November 5, 1999, November 6, 1999. and November 7, 1999.  On May 4, 2000, Petitioner pleaded guilty and was convicted of one felony Second Degree Burglary charge and sentenced to three years in prison.

4. Petitioner has no family ties in this country. There is no evidence that Petitioner has ever been married.

5. A daughter, now a teenager, was apparently born to Petitioner in 1993. Petitioner had no legal relationship with the mother. The mother's name was Ruth Osdaly Martinez. There is no evidence that Petitioner has had or will have anything other than a biological relationship with his daughter.

6. There is no evidence that Petitioner has had any relationship with the mother of his daughter since 1993.

7. There is no evidence that Petitioner has maintained any relationship with either parents, siblings (if any), grandparents, aunts, uncles, or cousins (if any).

8. Petitioner has no community ties. There is no evidence that Petitioner has lived at any particular place for any length of time. The only evident tie to any community is Petitioner's history of criminal activity in the community of Los Angeles, California.

9. There is no evidence that Petitioner has held any particular employment for any continuous period of years since he was granted permanent resident status. There is no evidence that Petitioner has any financial resources with which to support himself, if released.

10. The most that can be said from the evidence presented is that a person (not the mother of Petitioner's daughter) who describes herself as Petitioner's fiancee has written two unsworn letters offering Petitioner a place to live in Los Angeles, if released. See letters of Myriam Rodriguez. Similarly, an unsworn letter dated September 20, 2007, indicates that a different person is offering Petitioner employment in construction, if released, while another unsworn letter dated three years earlier (September 9, 2004) from a third individual indicates an offer of construction employment for Petitioner, if released. See letters of Trancisto Perez and Gonzalo Ochoa. There is no evidence that Petitioner has any experience in the construction trades.

11. There is no evidence concerning whether, or for how long, Petitioner had a relationship with the letter-writer who describes herself as Petitioner's fiancee, or whether she had a relationship with Petitioner prior to his incarceration and detention.

12. There is no evidence that Petitioner would willingly comply with an order for

deportation.

13. It is likely that Petitioner would fail to report for deportation, and, instead, would likely flee immigration authorities, if his myriad attempts to seek habeas relief and appeals ultimately fail.

14. The Petitioner could, from his country of origin, continue to pursue his habeas petitions and appeals. It is Petitioner who has repeatedly sought, and been granted, stays of the underlying deportation order through the federal court system prolonging his custodial detention. *See* Order Denying Petition for Writ of Habeas Corpus (filed August 15, 2007).

15. The Petitioner poses an economic danger and danger to property in the community, if released.

16. The Petitioner is a substantial flight risk.

DATED: October 12, 2007

_____
Hon. Roger T. Benitez
United States District Judge